UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES HALL,                              )<br>                                                  )<br>        Plaintiff,                              )<br>                                                  )<br>VS.                                            )<br>                                                  )<br>SMURFIT-STONE CONTAINER      )<br>ENTERPRISES, INC.,                     )<br>                                                  )<br>        Defendant.                          ) | CIVIL ACTION NO.<br><br>3:07-CV-0501-G<br><br>**ECF** |

MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant Smurfit-Stone Container Enterprises, Inc. ("Smurfit" or "the defendant") for partial dismissal pursuant to FED. R. CIV. P. 12(b)(6). For the reasons stated herein, the motion is granted.

I. BACKGROUND

This case arises from Smurfit's termination of the employment of the plaintiff James Hall ("Hall" or "the plaintiff"). Hall alleges that he was fired due to age discrimination in violation of the Age Discrimination in Employment Act ("the ADEA"), 29 U.S.C. § 621, *et seq*. *See* Plaintiff's First Amended Original Complaint

("Complaint") ¶ 6.01. In his complaint, the subsection regarding his cause of action under the ADEA is entitled "VI. Title VII." *Id.* at 2. The plaintiff's complaint indicates that he seeks, among other forms of relief, "[c]ompensatory damages for mental anguish, emotional distress, inconvenience, past pecuniary losses and loss of enjoyment of life" and "[p]unitive damages due to Defendant's intentional conduct." *Id.* ¶10.01(c), (e).

## II.  ANALYSIS

On the motion to dismiss, Smurfit argues that the plaintiff's request for compensatory and punitive damages should be dismissed. Furthermore, the defendants avers that to the extent Hall attempts to articulate a claim under Title VII, the claim should be dismissed. Hall did not respond to the motion to dismiss.

### A.  Standard for Dismissal Under Rule 12(b)(6)

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). There are two primary principles that guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted. First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovant could prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677

F.2d 1045, 1050 (5th Cir. 1982) (citing 5B WRIGHT & MILLER § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983). Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. See *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991). However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In addition, a court must not look beyond the pleadings when determining whether a complaint states a claim upon which relief may be granted. *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 499-500 (5th Cir. 1982), *cert. denied*, 464 U.S. 932 (1983).

  B. <u>Motion to Dismiss Claim for Compensatory and Punitive Damages</u>

  Section 626(b) of Title 29 United States Code provides for the recovery of monetary relief under the ADEA. In pertinent part, it reads: "Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation . . .". 29 U.S.C. § 626(b). The intent of the damages provision is to make the plaintiff whole; thus, he "may recover

only pecuniary losses such as wages and fringe benefits." *Brunnemann v. Terra International, Inc.*, 975 F.2d 175, 178 (5th Cir. 1992). Compensatory damages for pain and suffering, emotional distress, and mental anguish are not permitted under the ADEA. See *Commissioner of Internal Revenue v. Schleier*, 515 U.S. 323, 326 (1995); *Aguilar v. Advance Stores Company, Inc.*, Civ. A. No. SA-04-CA-0856-RF, 2005 WL 2086038, at *4 (W.D. Tex. Aug. 5, 2005). Liquidated damages -- double the lost wages -- "shall be payable only in cases of willful violations" of the ADEA. *See* 29 U.S.C. §§ 216(b), 626(b). Because liquidated damages are "punitive in nature," see *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 125 (1985), a successful plaintiff may not recover punitive damages under the ADEA. See *Smith v. Berry Company*, 165 F.3d 390, 395 (5th Cir. 1999).

Because compensatory and punitive damages are not recoverable under the ADEA as a matter of law, Hall's claims for such relief are dismissed.

### C.  Motion to Dismiss Title VII Claim

Title VII prohibits employment discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Hall's complaint does not allege employment discrimination on the basis of any of these protected categories. To the extent that his complaint indicates an intent to assert a claim under Title VII, such a claim must be dismissed.

III.  CONCLUSION

For the reasons stated above, the defendant's motion for partial dismissal is **GRANTED**.

**SO ORDERED**.

July 23, 2007.

_____
A. JOE FISH
CHIEF JUDGE