UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:07-CV-0501-G |
| SMURFIT-STONE CONTAINER | ) | |
| ENTERPRISES, INC., | ) | **ECF** |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendant, Smurfit-Stone Container Enterprises, Inc. ("SSCE" or "the defendant"), for summary judgment. For the reasons set forth below, SSCE's motion for summary judgment is granted.

I. BACKGROUND

On October 9, 1990, SSCE hired James Hall ("Hall" or "the plaintiff") as a manufacturing employee. *See* Brief in Support of Defendant's Motion for Summary Judgment at 1. At the time of his hiring, Hall was 39 years old. *Id.* Over the course of his employment, the plaintiff received many promotions and raises, the last of

which was to the position of Converting Supervisor at an annual salary of $40,000. *Id.* at 2.

On June 17, 2005, SSCE notified its employees in the Grand Prairie Plant, where the plaintiff worked, that it would conduct random drug testing beginning July 1, 2005. *Id*. Hall was selected to take a random drug test on December 12, 2005. *Id.* The urine sample from the plaintiff tested positive for amphetamines and methamphetamine. *Id.*

After receiving notification of the positive test result, Richard Profitt ("Profitt"), Grand Prairie Plant Manager, and Lynn Sprong, Human Resources Representative, met with the plaintiff to discuss the positive test result. *Id.* at 3. Pursuant to SSCE's Substance Abuse Policy, they referred Hall to SSCE's employee assistance provider, Magellan Health Services, for evaluation and a treatment/return to work plan. *Id.*

While serving his suspension, Hall gave SSCE a list of prescription medications the plaintiff believed to be the cause of his positive test result. *Id.* On January 3, 2006, Sprong spoke with Mitch LeBard, a certifying scientist at MedTox, the company SSCE uses for its drug tests, concerning Hall's statement about the prescription drugs causing a "false positive." *Id.* at 4. Sprong told LeBard the name of the prescription drug in question, Phentermine, and the dosage the plaintiff

claimed to be taking.  *Id.*  LeBard told Sprong that Hall's positive test result for amphetamines was not consistent with the use of Phentermine.  *Id.*

On January 20, 2006, Magellan informed SSCE that the plaintiff had complied with its program and was ready to return to work.  *Id.*  On January 30, 2006, Profitt and Sprong met with Hall to discuss the requirements that he had to follow upon his return to work.  *Id*. at 4-5.  The plaintiff signed an agreement that stated that "If at any time in the future your test results prove positive, your employment will be terminated."  *Id.* at 5.

On a subsequent drug test performed on February 6, 2006, Hall tested positive for amphetamine and methamphetamine.  *Id.* at 6.  Sprong notified Profitt and Lorraine Throckmorton, Human Resources Manager, about the positive drug test result.  *Id.*  Steve Hess, Regional Human Resources Manager, then made the decision to terminate Hall's employment on February 13, 2006.  *Id.*

At the time his employment was terminated, Hall was over the age of forty.  *Id.* at 7.  Following this termination, Hall filed this suit alleging discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a)(1).

## II. ANALYSIS

### A. Evidentiary Standard on Motion for Summary Judgment

Summary judgment is proper when the pleadings and evidence before the court show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); see also *Celotex Corporation v. Catrett*, 477 U.S. 317, 322-23 (1986). The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986). While all of the evidence must be viewed in a light most favorable to the nonmovant, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's summary judgment burden. *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (citing *Little v. Liquid Air Corporation*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The movant makes the necessary showing by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no

genuine material fact issues. *Celotex*, 477 U.S. at 323. The pleadings, depositions, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED. R. CIV. P. 56(c).

If the movant makes the required showing, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company, Limited v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). Instead, the nonmovant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249. When conflicting evidence is presented, the court is not permitted to make credibility determinations regarding the evidence. See *Lindsey v. Prive Corporation*, 987 F.2d 324, 327 (5th Cir. 1993). The nonmovant cannot survive a motion for summary judgment, however, by merely resting on the allegations in his pleadings. *Isquith for and on behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988); see also *Celotex*, 477 U.S. at 324.

A party seeking summary judgment may rely on any form of evidence listed in Rule 56(c). See *Celotex*, 477 U.S. at 324. While the form of the summary judgment evidence need not be admissible, the content of the evidence must meet evidentiary

requirements. See *Goodwin v. Johnson*, 132 F.3d 162, 186 (5th Cir. 1997) (finding that the hearsay statements in an affidavit were "incompetent summary judgment evidence"). Thus, for example, while an affidavit has limited admissibility at trial, it is sufficient evidence to support or defeat a motion for summary judgment even though inadmissible statements in the affidavit, such as hearsay statements, may not be considered by the court. See *id*.

In opposition to the defendant's motion for summary judgment, Hall offers a sworn statement of an alleged employee of SSCE, Ed Whittington ("Whittington"). *See* Sworn Statement of Ed Whittington ("Whittington Statement"), *attached to* Appendix in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment *as* Exhibit B at 3. In this statement, Whittington asserts that the plaintiff was replaced by John Cummings, who is allegedly under the age of forty. *Id.* The defendant argues that the statement is improper summary judgment evidence because it is conclusory and not based on personal knowledge. *See* Reply in Support of Defendant's Motion for Summary Judgment at 2. The defendant argues that Whittington's statement does not meet the requirements for summary judgment set forth by FED. R. CIV. P. 56(e). *Id.* at 2.

Although it is unclear what Whittington's statement is based upon, Whittington appears to be an employee of SSCE. *See* Whittington Statement. Additionally, in his statement, he states that he bases his statement on personal

requirements. See *Goodwin v. Johnson*, 132 F.3d 162, 186 (5th Cir. 1997) (finding that the hearsay statements in an affidavit were "incompetent summary judgment evidence"). Thus, for example, while an affidavit has limited admissibility at trial, it is sufficient evidence to support or defeat a motion for summary judgment even though inadmissible statements in the affidavit, such as hearsay statements, may not be considered by the court. See *id*.

In opposition to the defendant's motion for summary judgment, Hall offers a sworn statement of an alleged employee of SSCE, Ed Whittington ("Whittington"). *See* Sworn Statement of Ed Whittington ("Whittington Statement"), *attached to* Appendix in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment *as* Exhibit B at 3. In this statement, Whittington asserts that the plaintiff was replaced by John Cummings, who is allegedly under the age of forty. *Id.* The defendant argues that the statement is improper summary judgment evidence because it is conclusory and not based on personal knowledge. *See* Reply in Support of Defendant's Motion for Summary Judgment at 2. The defendant argues that Whittington's statement does not meet the requirements for summary judgment set forth by FED. R. CIV. P. 56(e). *Id.* at 2.

Although it is unclear what Whittington's statement is based upon, Whittington appears to be an employee of SSCE. *See* Whittington Statement. Additionally, in his statement, he states that he bases his statement on personal

requirements. See *Goodwin v. Johnson*, 132 F.3d 162, 186 (5th Cir. 1997) (finding that the hearsay statements in an affidavit were "incompetent summary judgment evidence"). Thus, for example, while an affidavit has limited admissibility at trial, it is sufficient evidence to support or defeat a motion for summary judgment even though inadmissible statements in the affidavit, such as hearsay statements, may not be considered by the court. See *id*.

In opposition to the defendant's motion for summary judgment, Hall offers a sworn statement of an alleged employee of SSCE, Ed Whittington ("Whittington"). *See* Sworn Statement of Ed Whittington ("Whittington Statement"), *attached to* Appendix in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment *as* Exhibit B at 3. In this statement, Whittington asserts that the plaintiff was replaced by John Cummings, who is allegedly under the age of forty. *Id.* The defendant argues that the statement is improper summary judgment evidence because it is conclusory and not based on personal knowledge. *See* Reply in Support of Defendant's Motion for Summary Judgment at 2. The defendant argues that Whittington's statement does not meet the requirements for summary judgment set forth by FED. R. CIV. P. 56(e). *Id.* at 2.

Although it is unclear what Whittington's statement is based upon, Whittington appears to be an employee of SSCE. *See* Whittington Statement. Additionally, in his statement, he states that he bases his statement on personal

knowledge and observations.  *Id.*  This type of evidence was addressed by the Fifth Circuit in *Diamond Offshore Company v. A & B Builders, Inc.*, 302 F.3d 531, 544 n.13 (5th Cir. 2002).  In *Diamond*, the nonmovant challenged the sufficiency of an affidavit used in support of summary judgment, arguing that the affidavit was not based on personal knowledge and that the factual statements included in the affidavit were hearsay.  Based on the affiant's position within the company and the fact that he had "reviewed records as they pertain[ed] to information in the affidavits," the Court of Appeals found that the district court did not abuse its discretion when considering the information contained in the affidavit.  *Id*.

The court in *Diamond* allowed consideration of the evidence in question because the affidavit was from an employee of the company, as in the present case.  See *id*.  Although the information contained in Whittington's statement is vague, the court will consider his statement as competent summary judgment motion evidence because he is an employee of SSCE.

### B.  ADEA

1. *The ADEA Summary Judgment Standard:*
*Modified McDonnell Douglas Approach*

Under the ADEA, "[i]t shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  In a case such as this one, where direct

evidence of discrimination is unavailable, the plaintiff can prove discrimination using the "modified *McDonnell Douglas* approach." *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). As modified, *McDonnell Douglas* consists of three stages. First, the plaintiff must establish a *prima facie* case of discrimination, which "creates a presumption that the employer unlawfully discriminated against [him]." *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981). The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for discharging the employee. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506-07 (1993). The defendant's burden is one of production, not proof, and involves no credibility assessments. See, *e.g.*, *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 385 (5th Cir. 2003) (quoting *Russell v. McKinney Hospital Venture*, 235 F.3d 219, 222 (5th Cir. 2000)). If the defendant articulates a legitimate nondiscriminatory reason for the action taken against the plaintiff, the burden shifts back to the plaintiff to demonstrate that the reason produced was a pretext for discrimination. *Id.* The plaintiff may satisfy this burden by showing "that the legitimate reasons offered by [SSCE] were not its true reasons, but were a pretext for discrimination." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143 (2000) (quoting *Burdine*, 450 U.S. at 253). That is, the plaintiff must produce sufficient evidence for a reasonable trier of fact to find either that SSCE's proffered explanation is unworthy of credence or that a discriminatory reason more likely motivated the decision to terminate him.

See *Burdine*, 450 U.S. at 256. Even without direct evidence of age-motivated discrimination, if the plaintiff can provide sufficient evidence to permit a reasonable jury to conclude that SSCE's proffered legitimate nondiscriminatory reason is unworthy of credence, SSCE's motion for summary judgment must be denied.

2. *Prima Facie* Case

Initially, it should be noted that a plaintiff "need only make a very minimal showing" to establish a *prima facie* case. *Thornbrough v. Columbus & Greenville Railroad Company*, 760 F.2d 633, 639 (5th Cir. 1985), overruled on other grounds by *St. Mary's*, 509 U.S. 502. In the first step, the plaintiff must establish a *prima facie* case of discrimination by showing that he was: (1) discharged; (2) qualified for the position; (3) within the protected class; and (4) either (i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of his age. *Armendariz v. Pinkerton Tobacco Company*, 58 F.3d 144, 149 (5th Cir. 1995), *cert. denied*, 516 U.S. 1047 (1996).

It is undisputed that at the time Hall was discharged, he was over the age of forty and therefore within the protected class, thus satisfying the first and third elements of the *prima facie* case for employment discrimination. It is also undisputed that Hall was qualified for the position, which he had held for many years.

The fourth element is established through the Whittington Statement, which the court has considered as summary judgment evidence. *See* Whittington Statement

("After James Hall was terminated, he was replaced by John Cummings, who I know to be under the age of forty."). Thus, the plaintiff has established a *prima facie* case. The burden now shifts to SSCE to produce a legitimate non-discriminatory reason for Hall's termination.

### 3. *Legitimate Non-Discriminatory Reason*

The reason offered by SSCE for the firing of the plaintiff is two failed drug tests by the plaintiff. *See* Brief in Support of Defendant's Motion for Summary Judgment. Hall admits to the failed drug tests, and the validity of the drug tests are undisputed. Although it is unclear whether the positive drug test was a result of the prescribed medications the plaintiff took, or other reasons, the ultimate result, a positive drug test, is not in question. Therefore, the court finds that SSCE has presented evidence of a legitimate, non-discriminatory reason for Hall's termination. The burden now shifts to Hall to prove that SSCE's proffered reason is merely a pretext.

### 4. *Pretext Burden*

Hall has not shown that SSCE's proffered reason for terminating his employment was a mere pretext for age discrimination, or that SSCE's stated reason, while true, was only one reason for its conduct, and another motivating factor was the plaintiff's age. See *Rachid*, 376 F.3d at 312. To succeed at the pretext stage of the modified *McDonnell Douglas* analysis, Hall must do more than merely discredit the

defendant's reasoning; the plaintiff must produce evidence showing that the articulated reason is a pretext. See *St. Mary's*, 509 U.S. at 515-16.

Hall attempts to prove discrimination by noting that SSCE did not follow its written drug policy concerning the prescribed medications[1] the plaintiff believes was the cause of the positive drug tests. *See* Plaintiff's Response to Defendant's Motion for Summary Judgment at 9. However, the Fifth Circuit recently explained that "a defendant's failure to follow its own policy is not probative of discriminatory animus in absence of proof that the plaintiff was treated differently than other non-minority employees because Title VII does not protect employees from the arbitrary employment practices of their employer, only their discriminatory impact." *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 346 (5th Cir. 2007); *Upshaw v. Dallas Heart Group*, 961 F.Supp 997, 1002 (N.D. Tex. 1997). Although the *Turner* case is about race, not age, the principle for establishing discrimination is the same. Even if SSCE did not follow its written drug policy procedure, this does not necessarily mean that the company was discriminating against Hall. Since there is no evidence that SSCE followed its drug policies differently in cases involving its employees who are

---

[1] SSCE's written drug testing policy has two steps where a positive drug test is claimed to result from prescribed medications the employee is taking: (1) the employee must complete a Personal Medication Listing and Authorization to Verify Medication Form, and (2) an SSCE doctor or local management must contact the employee's doctor to determine whether a prescribed medication may have been the cause of the positive result. Plaintiff's Response to Defendant's Motion for Summary Judgment at 9.

not protected by the ADEA, the alleged failure to follow its policy concerning the plaintiff does not serve to establish pretext.

Furthermore, "proof that an employer did not follow correct or standard procedures in the termination or demotion of an employee may well serve as the basis for a wrongful discharge action under state law." *Moore v. Eli Lilly & Co.*, 990 F.2d 812, 819 (5th Cir.), *cert. denied*, 510 U.S. 976 (1993). This is not a wrongful termination suit, however, but an ADEA suit, and "the ADEA was not created to redress wrongful discharge simply because the terminated worker was over the age of forty." *Id.*

Hall also argues that several discriminatory comments made to him throughout his course of employment serve to establish pretext for discrimination. The alleged comments were purportedly made by Richard Profitt, the Grand Prairie Plant Manager.

> "At various times during Profitt's tenure, he stated to Hall: 1) 'When you state [sic] getting old your [sic] start to slow down.' 2) 'Your grandma was slow because she was old. Now what kind of excuse do you got?'; 3) 'You move too slow.' 4) 'You ought to took [sic] up jogging. [You] would get a little faster if [you] took up jogging.' 5) [You are 'too old to cut the mustard anymore.' 6) 'Old bastard.'"

Plaintiff's Response to Defendant's Motion for Summary Judgment at 10.

Age-related remarks "may serve as sufficient evidence of age discrimination if the offered comments are: 1) age related; 2) proximate in time to the termination[];

3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue. Comments that are 'vague and remote in time' are insufficient to establish discrimination." *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655 (5th Cir. 1996).

Of the comments that are related to Hall's age, none is sufficient evidence of age discrimination.[2] Hall was unable to state with specificity when the alleged comments were made;[3] therefore, the plaintiff has not satisfied the second element of the *CSC Logic* test, "proximate in time to the termination." *Id.* Furthermore, none of the comments is "related to the employment decision at issue." *Id.* The comments, as presented, are removed from any context, and are too vague, indirect, and remote in time to support a finding of discriminatory discharge.

## III. CONCLUSION

Because the plaintiff has not satisfied his summary judgment burden, the defendant is entitled to summary judgment. For the reasons set forth above, the defendant's motion for summary judgment is **GRANTED**.

---

[2] The only statements that are relevant to the plaintiff's age are (1) "when you state [sic] getting old your [sic] start to slow down," (2) "you are too old to cut the mustard anymore," and (3) "old bastard."

[3] Hall has testified that one or more of the comments were made (i) between the dates of April 2004 and October 2005, (ii) the last five or six months he was employed at Smurfit (*i.e.*, September 2005 to February 2006), (iii) the entire year of 2005, and (iv) ten months in 2005. Brief in Support of Defendant's Motion for Summary Judgment at 20.

**SO ORDERED**.

August 14, 2008.

                                                                                         _/s/ A. Joe Fish_____
                                                                                         A. JOE FISH
                                                                                         **Senior United States District Judge**